Tilghmajt C. J.
An indictment against William Bolton, for receiving stolen goods, knowing them to be stolen, was removed from the Mayor’s Court to this Court, by certiorari, returnable to March Term, 1813. At the time of removal, Bolton entered into the recognisance on which this suit was brought, conditioned for his appearance on the 19th day of April next ensuing the date-of the I’ecognisance, at the Su *329 preme'Court of Pennsylvania for the Eastern District. ■ But it appears that no Supreme Court was held at that time. The clerk who took the recognisance made a mistake. The Supreme Court was held in March, and a Court of Nisi Prius on the 19th April. I do not see how this recognisance can be supported. The defendant was obliged to enter into it, to avoid imprisonment, and the condition bound him to the performance of an act which was impossible. Such a proceeding cannot be lawful. I am of opinion, that the recognisance was void, and therefore, this action cannot be supported.
Yeates J.
I well know the short and informal manner in which recognisances are entered in the minutes of our courts. If the recognisance here had been, that the defendant should appear at the next Supreme Court to be held for the Eastern District, or at the next Court of Nisi Prius, to be held for the city and county of Philadelphia, to answer, &c. I should feel little difficulty under the practice which has obtained, and the legal extent of the words, &?c., to interpose the words for further appearance u at the Court of Nisi Prius, de die in “ diem, and abide the judgment of the court in the premises, “ and not depart the same without license.” The recognisance would in either case be formal and complejte. But here it reads thus: — “ William Bolton tent, in g3000 that he « should appear on the 19th April next at the Supreme Court “ of Pennsylvania, for the Eastern District, to answer, &?c.” March Term, 1813, could by no possibility continue so long, unless it was adjourned under the provisions of the act of 24th Fgbruary, 1806. The facts I can ascertain with precision from papers in my possession, without recurring to the records. March Term, 1813, began on the 15th March, being the third Monday in the month, and held twp weeks, as by law directed, until the 29th. It was then adjourned for one week longer, and the term ended for that sitting on Saturday the 3d April. On the Monday following, the 5th April, the Court of Nisi Prius was opened by Mr. Justice Brackenridge, who sat three weeks ; the two first weeks for trials by special jury, and the last week for trials by .the general jury, which last week necessarily began on the 19th April. On that day the trial was postponed, on account of the absence of a material witness, by the defendant. From. *330 this detail it follows, that- a day was prescribed for his appearance in the Supreme Court for the Eastern District, which did not, and could not, possibly happen. The recognisance was compulsory on the defendant to enforce his appearance to answer a high misdemeanor, and must be judged of as a record on the face of it; and although I might think myself at liberty to supply a chasm, I should not feel warranted to give the record a construction contrary to its plain words. I must read the whole of it, as it stands, written, and cannot reject any material expressions therein. I there find it to be a recognisance to appear at the Supreme Court for the Eastern District of 'Pennsylvania, oh a given day, and no such court was or could be held on that day. To the condition of this recognisance the defendant could by no possibility conform; it necessarily follows, that he could commit no default. The defendant has not the slightest claim to favour, but is entitled to justice. A mistake has certainly taken place, of which he may take a legal advantage. I am therefore of opinion, that the recognisance is merely void, the condition thereof being impossible to be performed; that the verdict must be set aside, and judgment entered for the defendant.
Brackenridge J. concurred.
Judgment for the defendant.